Jacks & Co. v. Thweatt & Quarles.

ositions announced was correct. *Atkins v. Swope, 38 Ark.,
528; Murphy v. Lemay, 32 ib., 223; Chrisman v. McDonald,
28 Ark., 8.*

4. Evidence of character in false imprisonment.

JACKS & CO. v. THWEATT & QUARLES.

1. PRACTICE: *Evidence to immaterial issue.*
Evidence in support of an immaterial issue should be refused.

2. ATTORNEY: *His readiness to perform, when sufficient.*
A sued B & Co. upon the following contract: " A having consented to
be our attorney and advise us in a case we have against Phillips County
on account of county money, we agree to pay him ten per cent. of
the amounts collected of the county on said account, whether collected
by suit or compromise. Fees to be paid in kind and as collections are
made. We will make no settlement without consulting our said attor-
ney." The county compromised on suggestions of the County Judge
and paid part of the demand; and the plaintiff claimed his ten per

cent. Defenses: 1. That the employment of plaintiff was not to procure his services, but to silence his objection to defendant's scheme in a matter of public concern, and was against public policy. 2. That the plaintiff rendered no service. Evidence: That he was ready but was never called on. Held: That both the defenses were bad. That the defendant's motive in employing plaintiff was immaterial, and that the plaintiff's readiness to perform was equivalent to performance.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*J. P. Clark,* for appellants :

1. The contract was against public policy and void. *Hull v. Dyson,* 10 *Eng. Law & Eq. R., 424; U. S. Dig., 1852, vol. 6, ed. of John Phelps Putman.*

2. Nothing was collected by *suit* or *compromise,* so as to allow appellees to recover. The action of a County Court in auditing and allowing a claim is not a judicial determination, etc. *Shirk v. Pulaski County,* 4 *Dillon, 210.*

3. Appellees were only to render services when requested, and they were never called upon, nor did they ever render any services. 5 *Day (Ct.), 428.*

*Thweatt & Quarles, pro se.*

SMITH, J. This was an action to recover attorney's fees, based upon the following written agreement:

"HELENA, ARK., May 12, 1877.

" As Thweat & Quarles have consented to be our attorneys and advise us in a case which we have against Phillips County on account of county money, we agree to pay them a fee of ten per cent. on all amounts collected of the county, on account of the county money, whether collected by suit or compromise. Fees to be paid in kind and as

Jacks & Co, v. Thweatt & Quarles.

collections are made. Fifty dollars paid to-day as a retainer to be considered as part of the fee. We will make no settlement without consulting our said attorneys.

"JACKS & CO.

"THWEAT & QUARLES."

Upon a trial before a jury, the plaintiffs recovered a verdict and judgment for $312.

The claim of Jacks & Co. against the county grew out of their indorsement of $12,000 of Phillips County warrants, engraved upon bank-note paper, and designed to circulate as money, pursuant to an arrangement made with the County Court, for which indorsement they were to receive a certain compensation. Afterwards it was discovered that such issues were liable to a heavy tax under the laws of the United States, and they were withdrawn from circulation, Jacks & Co. redeeming them.

The defenses to this action were:

1. That the employment of the plaintiffs was contrary to public policy, the object of Jacks & Co. being, not to procure their legal services, but to silence their opposition to the schemes of Jacks & Co. in a matter of public concern, the relations between the contracting parties being unfriendly. The Circuit Court properly treated this plea as tendering an immaterial issue, and refused to permit the introduction of evidence in support of it. It was not pretended that the plaintiffs held any office or public employment which would debar them from accepting a retainer in this matter. And the motives of Jacks & Co., in engaging their professional services, were irrelevant to the inquiry whether they were liable on their contract.

2. The second defense consisted of a denial that any collections had been made. The evidence was that Jacks & Co. had received $7,520.24 in county warrants, upon an adjustment of part of their demands, by the County Court,

Jacks & Co. v. Thweatt & Quarles.

and that they had transferred the remainder of their claims to Henry Talmadge, of New York; but the plaintiffs had been paid only $200 in addition to the sum specified in the agreement. The jury, it seems, allowed the plaintiffs their commissions upon the $7,520.24, reducing the value of the scrip to a currency basis, and rejected their claim for commissions on the amount transferred to Talmadge. In this no injustice was done to Jacks & Co. Whether or not the plaintiffs were prejudiced, we need not decide, as they did not move for a new trial.

3. A third defense was a failure of consideration in this: That the plaintiffs had never rendered any services under said agreement. Upon this issue the proof was, that the plaintiffs had at all times held themselves in readiness to perform their contract, but had never been called upon by Jacks & Co. for any advice or assistance in the courts. The adjustment of the matter by the County Court was in the main upon its own motion. There was no evidence that Jacks & Co. had ever discharged the plaintiffs from their employment.

In cases of this nature, readiness to perform is sometimes equivalent to performance. If one should employ a lawyer to advise him, or a physician to attend his family for a stated period, at a stipulated salary, it is no defense when sued for the compensation, to say that he had had no legal business in the one case, or no sickness in the other case, during the time contracted for. The same principle applies to the employment of an attorney in and about a particular matter.

The cause was submitted to the jury under instructions which were very favorable to the defendants, and we are not disposed to disturb the verdict.

Affirmed.